UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KERLISHA ALLAN-REID,**

      Plaintiff,

vs.                                                                CASE NO.:

**UNIVERSAL PROTECTION SERVICE, LLC, a Foreign Limited Liability Company,**

      Defendant.          /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KERLISHA ALLAN-REID, by and through the undersigned attorney, sues the Defendant, UNIVERSAL PROTECTION SERVICE, LLC, a Foreign Limited Liability Company, and alleges:

1. Plaintiff, KERLISHA ALLAN-REID, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

2. Plaintiff, KERLISHA ALLAN-REID was an employee who worked at Defendant's property within the last three years in Hillsborough County, Florida.

3. Plaintiff, KERLISHA ALLAN-REID, worked for Defendant as an

hourly paid employee at an hourly rate of $15.00 per hour.

4. Plaintiff, KERLISHA ALLAN-REID, worked as an Administrative Coordinator for Defendant.

5. At all times material to this cause of action, Plaintiff, KERLISHA ALLAN-REID, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, UNIVERSAL PROTECTION SERVICE, LLC, is a Foreign Limited Liability Company that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7. Plaintiff worked for Defendant at its 4200 W. Cypress Street, Suite 550, Tampa, Florida 33607 location.

8. According to Defendant's website, UNIVERSAL PROTECTION SERVICE, LLC, provides integrated security services that combine security personnel, technology, and a variety of professional services, to give their clients a flexible and scalable approach to securing their business. See www.AUS.com

9. According to Florida's Division of Corporation website, www.Sunbiz.org, Defendant lists its principal address as 1551 N. Tustin Avenue, #650, Santa Ana, California 92705.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and

costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendant, Defendant, UNIVERSAL PROTECTION SERVICE, LLC, earned more than $500,000.00 per year in gross sales.

13. Defendant, UNIVERSAL PROTECTION SERVICE, LLC, employed in excess of one-hundred (100) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, UNIVERSAL PROTECTION SERVICE, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as desktop computers, laptop computers, licensed Microsoft software, telephones, phone headsets, fax machines, security tools such as flash lights, walkie-talkies, radios, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, UNIVERSAL PROTECTION SERVICE, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiff, KERLISHA ALLAN-REID, is/was individually covered under the FLSA.

## **FLSA Violations**

17. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

18. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Specifically, Plaintiff routinely reported her hours to Defendant via the Defendant's reporting software but Defendant failed to compensate Plaintiff for all hours reported.

20. Defendant had a common practice or scheme of reducing Plaintiff's hours reported prior to paying Plaintiff.

21. To that end, Defendant failed to compensate Plaintiff for all overtime hours worked in one or more workweeks.

22. Plaintiff is entitled to the full time and one-half overtime rate for all hours worked in excess of forty (40) per week.

23. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

24. Prior to filing this Complaint, Plaintiff and Plaintiff's counsel made numerous efforts to resolve this matter without litigation. Specifically, Plaintiff's

counsel sent written correspondence requesting all her pay and time records from Defendant. Unfortunately, Defendant never produced those documents despite several requests.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though stated fully herein.

27. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During many weeks of her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

29. Plaintiff was not paid her full time and one-half overtime rate for all hours worked for numerous pay periods.

30. Specifically, Defendant would reduce Plaintiff's reported hours in an effort to avoid paying overtime compensation to Plaintiff.

31. Defendant has failed provide accurate overtime compensation for numerous pay periods.

32. Defendant did not have a good faith basis for their decision not to pay

Plaintiff full overtime compensation.

33. In addition, Defendant failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KERLISHA ALLAN-REID demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 1st day of March, 2022.

Respectfully submitted,

**s/ MATTHEW GUNTER**
Matthew Gunter, Esq.
FL Bar No.: 0077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
MAILING: P.O. Box 530244
Atlanta, GA 30353-0244
Main Tel.: (407) 420-1414
Direct Tel.: (407) 236-0946
Facsimile: (407) 867-4791
Email: MGunter@forthepeople.com
*Counsel for Plaintiff*